IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DOMINIC MADER, | : | |
| Plaintiff, | : | |
| | | Case No. 3:10cv00263 |
| vs. | : | |
| | | District Judge Walter Herbert Rice |
| MICHAEL J. ASTRUE, | : | Magistrate Judge Sharon L. Ovington |
| Commissioner of the Social | | |
| Security Administration, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff initially brought this case seeking judicial review, under the provisions of

42 U.S.C. § 405(g), of the Social Security Administration's decision to deny his

application for Disability Insurance Benefits.  The Court previously remanded the case

for further administrative proceedings, and the Clerk of Court entered Judgment in

Plaintiff's favor and against the Commissioner.  (Doc. #s 13-15).

The case is presently before the Court on Plaintiff's Motion for Attorney Fees

Under the Equal Access to Justice Act (EAJA) (Doc. #16), the Commissioner's Response

(Doc. #17), Plaintiff's Reply (Doc. #18), and the record as a whole.  Plaintiff specifically

seeks an award of attorney's fees in the amount of $3,883.95, for 22.5 hours of work at

---

[1]  Attached hereto is NOTICE to the parties regarding objections to this Report and
Recommendations.

the rate of $172.62 per hour.  (Doc. #16 at 1).  The Commissioner contends that an award

of EAJA attorney fees is not warranted in this case. (Doc. #17).

The EAJA provides attorney fees to a party who prevails in a civil action against

the United States "when the position taken by the Government is not substantially

justified and no special circumstances exist warranting a denial of fees."  *Bryant v.*

*Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009) (citing 28 U.S.C. §

2412(d)(1)(A)).  In the present case, Plaintiff became the prevailing party when he

obtained a reversal and remand for further administrative proceedings.  *See Shalala v.*

*Schaefer*, 509 U.S. 292, 300-302 (1993).  The parties' dispute thus focuses on whether the

Government's position in support of the ALJ's decision was substantially justified.  *See,*

*e.g., Pierce v. Underwood*, 487 U.S. 552, 108 S.Ct. 2541 (1988)

> A position is substantially justified when it is "'justified in substance
> or in the main' – that is, justified to a degree that could satisfy a reasonable
> person." *Pierce*, 487 U.S. at 565, 108 S.Ct. 2541.  Stated otherwise, a
> position is substantially justified when it has a "reasonable basis both in law
> and fact." *Id*.  The fact that . . . the Commissioner's position was
> unsupported by substantial evidence does not foreclose the possibility that
> the position was substantially justified. *See id*. at 569, 108 S.Ct. 2541;
> *Jankovich v. Bowen*, 868 F.2d 867, 870 (6th Cir. 1989).  Indeed, "Congress
> did not . . . want the 'substantially justified' standard to 'be read to raise a
> presumption that the Government position was not substantially justified
> simply because it lost the case. . . .'" *Scarborough* [*v. Principi*, 541 U.S.
> 401, 415, 124 S.Ct. 1856, 1866 (2004)] (quoting *Libas, Ltd. v. United
> States*, 314 F.3d 1362, 1365 (Fed. Cir. 2003)).

*Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004).  The Government bears the

burden of establishing that its position was substantially justified.  *Scarborough*, 541 U.S.

at 414-15, 124 S.Ct. at 1865-66.

2

In the present case, the Government contends that its decision to defend the denial of benefits was substantially justified because "[t]he ALJ's credibility finding was very thorough and provided several good reasons for finding that Plaintiff's allegations of disabling impairments prior to his established disability onset date were not entirely credible." (Doc. #17 at 3).  In support, the Government highlights the fact that "the ALJ noted that Plaintiff was not experiencing any adverse side effects from either his treatment or medication, which would necessitate additional limitations," and also that the ALJ "noted Plaintiff stopped working full-time in July 2003, approximately 17 months before his alleged disability onset date, and there was not evidence that he was fired from his job for being unable to physically perform his job." (*Id.* at 3-4).  Likewise, the Government notes that "the ALJ saw that Plaintiff had stopped medical treatment for nearly two years at a time when he was alleged disabled – from October 2005 to October 2007." (*Id.* at 4).  And although the Government acknowledges the ALJ did not expressly consider Plaintiff's testimony in his credibility finding, the Government argues it was substantially justified in arguing the ALJ's credibility finding was reasonable and proper "because the ALJ's credibility finding implicitly considered Plaintiff's testimony." (*Id.*). Assuming the Government correctly notes that the ALJ "implicitly considered" Plaintiff's testimony, however, does not provide it with substantial justification for supporting the ALJ's decision when the ALJ did not expressly consider and assess the credibility of the Plaintiff's testimony regarding his pain, consistent with the Social Security Regulations, Rulings, and relevant case law.  Such a failure left this Court without the ability to

conduct meaningful judicial review.  The Court previously explained:

> Pain or other symptoms may be severe enough to constitute a disability, if caused by a medical impairment.  *See Kirk v. Sec'y of Health & Human Serv.,* 667 F.2d 524, 538 (6th Cir. 1981) (pain alone may constitute a disability); *see also* 20 C.F.R. §404.1529. When evaluating pain or other symptoms, ALJs are required under the Regulations to consider all evidence, including medical history, medical signs and laboratory findings, the claimant's statements, and treating and other medical source opinions.  20 C.F.R. §404.1529(c)(1).  Although the Regulations concerning pain and other symptoms are lengthy, the United States Court of Appeals for the Sixth Circuit has enunciated the applicable standard in "a more succinct" two-part analysis.  *Felisky v. Bowen*, 35 F.3d 1027, 1038 (6th Cir. 1994).  Part one considers "whether there is objective medical evidence of an underlying medical condition." *Id.* (citation omitted).  If such objective medical evidence exists, then part two requires consideration of two alternative questions:
>
> 1.  Whether objective medical evidence confirms the severity of the alleged pain [or other symptom] arising from the condition; or
>
> 2.  Whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain [or other symptom].

*Id.* at 1038-39. (citation omitted).

> Neither *Felisky's* two-part test nor the Regulations upon which it is based require objective medical evidence of pain itself.  *Id.* at 1039.  The Regulations promise, "we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements." 20 C.F.R. §404.1529(c)(2).  Consequently, the Regulations require ALJs to consider a list of factors, including the claimant's daily activities; the location, duration, frequency and intensity of pain or other symptoms; precipitating and aggravating factors; type, dosage, effectiveness and side effects of medications taken to alleviate symptoms; treatment, other than medication, obtained for symptom relief; any measures used to alleviate pain (*e.g.*, lying flat, standing 15 or 20 minutes every hour, sleeping on a board, etc.); and other factors concerning the claimant's functional limitations. 20 C.F.R. § 404.1529(c)(3)(I)-(vii); *see* Social Security Ruling 96-7p. An ALJ's findings concerning the credibility of a claimant's testimony about his or her pain or other

symptoms "are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). "Nevertheless, an ALJ's assessment of a claimant's credibility must be supported by substantial evidence." *Id.* Through the Rulings, the Commissioner mandates, in part:

> The reasons for the credibility finding must be grounded in evidence and articulated in the determination or decision. It is not sufficient to make a conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.' It is also not enough for the adjudicator to simply recite the factors that are described in the regulations for evaluating symptoms. The determination must contain specific reasons for the finding on credibility, supported by evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

Social Security Ruling 96-7p, 1996 WL 374186.

Whether or not the ALJ found Plaintiff to be disabled prior to January 18, 2008, hinged upon his assessment of the credibility of Plaintiff's testimony. At the hearing, Plaintiff reported that he cannot lift anything with his right hand, he can barely lift a gallon of milk. (Tr. 494). He testified that some days his hand shakes more than other days. (Tr. 496). He also testified that "it takes quite a long time" to get dressed. *Id.* He had to buy new clothes and shoes, without buttons or ties. (Tr. 498). He had a computer, but could not use it as he had a hard time with the keys. (Tr. 500).

> The ALJ assessed Plaintiff's credibility as follows:
>
> After considering the evidence of record, the undersigned finds that the claimant is credible that he has "severe" impairments but not that such impairments rendered him disabled prior to January 18, 2008.
>
> The claimant quit his job at the alleged onset date of July 2003. There is no evidence that he was fired secondary to any physical impairment. He did not seek treatment for his alleged tremor until December 2004 and then he stopped seeing any medical sources from October 2005 to October 2007. The evidence was reviewed in some detail above and does not show any serious physical incapacity

> through October 2005.  Not long after he returned to seeking medical
> help in late 2007, a specialist exam showed significant findings
> indicating progressive worsening of his tremor disorder with more
> definitive diagnosis of Parkinsonian Syndrome. He is found disabled
> as of the date of that specialist exam in January 2008 (Exhibit 9F).

(Tr. 32).

Despite the significance of the ALJ's credibility assessment, and even though the
ALJ summarized Plaintiff's testimony, the administrative decision contains no
indication that the ALJ even considered Plaintiff's testimony in determining his
residual functional capacity or in finding him disabled as of January 18, 2008.
To be upheld, an ALJ's decision must be reasonable in light of the record as a
whole and "take[] into account whatever in the record fairly detracts" from the
decision. *Claiborne-Hughes Health Ctr. v. Sebelius*, 609 F.3d 839, 843 (6th Cir.
2010).  "'[F]ailure to consider the record as a whole undermines the
[Commissioner's] conclusion.'" *Germany-Johnson v. Comm'r of Soc. Sec.*, 313 F.
App'x 771, 776 (6th Cir. 2008) (quoting *Hurst v. Sec'y of Health & Human Serv.*,
753 F.2d 517, 519 (6th Cir. 1985)). Consequently, the Sixth Circuit has held:

> In the absence of an explicit and reasoned rejection of an entire line
> of evidence, the remaining evidence is "substantial" only when
> considered in isolation.  It is more than merely "helpful" for the ALJ
> to articulate reasons . . . for crediting or rejecting particular sources
> of evidence.  It is absolutely essential for meaningful appellate
> review.

*Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 248 (6th Cir. 2007) (quoting *Hurst*,
753 F.2d at 519); *see also Adkins v. Astrue*, No. 2:10-cv-030, 2010 WL 4939953,
at *10 (S.D. Ohio Oct. 8, 2010) ("'[T]he administrative law judge must consider
all the record evidence and cannot 'pick and choose' only the evidence that
supports his position.'") (quoting *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir.
2000)).

Here, the ALJ's failure to consider and assess the credibility of Plaintiff's
testimony undermines his decision and deprives this Court of its ability to conduct
meaningful judicial review.  The Commissioner urges the Court to afford
deference to the ALJ's credibility finding, asserting that "[t]he ALJ, and the
Appeals Council, which adopted these findings prior to October 12, 2007,
reasonably concluded Plaintiff's allegations of disabling symptoms and limitations
were not credible and provided several well-supported and logical reasons for

> making this determination." (Doc. # 11 at 16). Although the Court agrees that "[t]he ALJ's assessment of credibility is entitled to great weight and deference," *Infantado v. Astrue*, 263 F. App'x 469, 475 (6th Cir. 2008), here, there is no assessment to evaluate.  Further, the ALJ, and not this Court, must decide the question of Plaintiff's credibility.  *See Sullenger v. Comm'r of Soc. Sec.*, 255 F. App'x 988, 995 (6th Cir. 2007) (citation omitted) ( "We will not try the case anew, resolve conflicts in the evidence, or decide questions of credibility."). Consequently, remand under these circumstances is warranted.

(Doc. #13 at 19-24) (footnotes omitted).

Although a "reversal of the denial of benefits and a remand for clarification does not automatically mean the Commissioner's decision to defend the ALJ's decision was unreasonable," *Anderson v. Commissioner of Social Sec.*, 1999 U.S. LEXIS 29996 at *13 (6th Cir. 1999); *see Howard*, 376 F.3d at 554, the significance of the ALJ's error in failing to properly weigh the credibility of Plaintiff's testimony deprive the Government's defense of the ALJ's decision of a reasonable basis in fact and law.  The Commissioner, therefore, has not met his burden of establishing that his support for the ALJ's decision was substantially justified or that an EAJA award to Plaintiff will be unjust.  *Howard*, 376 F.3d at 554 ("Under the circumstances of this case, where the administrative law judge was found to have selectively considered the evidence in denying benefits, we hold that the Commissioner's decision to defend the administrative law judge's denial of benefits is without substantial justification.").

Accordingly, Plaintiff is entitled to an EAJA award.

Yet, one issue still remains that must be addressed:  Plaintiff's counsel seeks to increase the $125 hourly rate set by Congress in 1996 to $172.62 per hour.

Counsel states, "[a]ttached is information from the United States Department of Labor showing the increases in cost of living in this area since March, 1996 totaling 38.09%, making the hourly rate $172.62 per hour." (Doc. #16 at 3).  Attached to Plaintiff's Motion is also a list of the services Plaintiff's counsel performed in this case, adding up to 22.50 hours of attorney work.  (Doc. #16-1 at 1-2).

"In requesting an increase in the hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to support the requested increase.  Plaintiffs must 'produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant*, 578 F.3d at 450 (internal citation omitted).  "In accordance with the Sixth Circuit decision in *Bryant*, the submission of the Consumer Price Index, standing alone, is insufficient to satisfy the burden of proving that the higher hourly rate requested by counsel is justified." *Douglas v. Astrue, Commissioner of Social Sec.*, 2012 WL 931100 at *2 (S.D. Ohio, March 19, 2012)(Rice, D.J.).  Counsel has offered no affidavit or other evidence showing that the requested rate is "'in line with those prevailing in the community for similar services offered by lawyers of reasonably comparable skill, experience, and reputation . . . .'" *Id.* (quoting *Bryant*, 578 F.3d at 450).  Plaintiff's counsel, therefore, has not met his burden of showing that the increase he requested in the statutory cap of $125 per hour is warranted.  *See id.*

Accordingly, Plaintiff is entitled to an EAJA award of attorney fees calculated as

follows:  22.50 (hours of attorney work)  x  $125 = $2,812.50.

Plaintiff's counsel requests payment of an EAJA award directly to him, and has attached an assignment of fees from Plaintiff.  (Doc. #16-1 at 3).  Defendant has not raised any argument opposing this request, nor is there any reason for this Court to believe direct payment of an EAJA award to Plaintiff's counsel would not be appropriate.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act (Doc. #16) is GRANTED, in part, to the extent Plaintiff is entitled to an EAJA award in the total amount of $2,812.50, paid directly to Plaintiff's counsel.  Plaintiff's Motion for an EAJA award totaling $3,883.95 is DENIED; and,

2. The case remain terminated on the docket of this Court.

April 26, 2012                                      s/Sharon L. Ovington
                                                        Sharon L. Ovington
                                              United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).